UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | NO. 3:10-00009 |
| v. | 18 U.S.C. § 2252A(a)(2) |
| JEREMY SETH TUMMINS | 18 U.S.C. § 2252A(a)(5) |
| | 18 U.S.C. § 2253 |
| | 18 U.S.C. § 2256 |

# INDICTMENT

### COUNT ONE
(Receipt of Child Pornography)

THE GRAND JURY CHARGES:

From on or about January 1, 2007 to on or about May 18, 2009, in the Middle District of Tennessee and elsewhere, the defendant, **JEREMY SETH TUMMINS**, knowingly received and attempted to receive child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), which files had been mailed, shipped, and transported in interstate commerce by any means, including by computer.

In violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and 2252A(b).

1

## COUNT TWO
(Possession of Child Pornography)

THE GRAND JURY FURTHER CHARGES:

On or about May 18, 2009, in the Middle District of Tennessee and elsewhere, the defendant, **JEREMY SETH TUMMINS**, knowingly possessed a computer that contained images and videos of child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), such images having been shipped and transported using any means or facility of interstate commerce by any means, including by computer.

In violation of Title 18, United States Code, Sections 2252A(a)(5)(B) and 2252A(b).

## FORFEITURE ALLEGATION

THE GRAND JURY FURTHER CHARGES:

Upon conviction of one or more of the offenses alleged in Counts ONE through TWO of this Indictment, **JEREMY SETH TUMMINS**, shall forfeit to the United States, pursuant to 18 U.S.C. § 2253(a):

(1) any visual depiction described in 18 U.S.C. §§ 2251 or 2252A, of this chapter or any book, magazine, periodical, film, videotape, or other matter which contains any such visual depiction, which was produced, transported, mailed, shipped or received in violation of this chapter;

(2) any property, real or personal, constituting or traceable to gross profits or other proceeds obtained from such offense(s); and

(3) any property, real or personal, used or intended to be used to commit or to promote the commission of such offense(s) or any property traceable to such property.

including but not limited to the following items: two computers (Gateway Tower SN# XBG8631001523 and Compaq Laptop SN# CND5240CS3) seized from 109 Saddle Creek Rd., Dickson, Tennessee 37055 on May 18, 2009.

If any of the above-described forfeitable property, as a result of any act or omission of the defendant,

    i. Cannot be located upon the exercise of due diligence;

    ii. Has been transferred or sold to, or deposited with, a third person;

    iii. Has been placed beyond the jurisdiction of the Court;

    iv. Has been substantially diminished in value; or

    v. Has been commingled with other property which cannot be subdivided without difficulty,

the United States shall be entitled to forfeiture of substitute assets.

It is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p) as incorporated by Title 18, United States Code, Section 982, to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property, including a money judgment in an amount to be determined, which represents the proceeds of the crime.

A TRUE BILL

FOREPERSON

_Edward M. Yarbrough_
EDWARD M. YARBROUGH
UNITED STATES ATTORNEY

_S. Carran Daughtrey_
S. CARRAN DAUGHTREY
ASSISTANT UNITED STATES ATTORNEY