IN THE UNITED STATES DISTRICT COURT

MIDDLE DISTRICT OF TENNESSEE, NASHVILLE DIVISION

------------------------------------------------------------

UNITED STATES OF AMERICA,       )

             Plaintiff,       )

                     )

v.                              )   CASE NO. 3:10-00009

                     )

JEREMY SETH TUMMINS,            )

             Defendant.       )

------------------------------------------------------------


TRANSCRIPT OF PROCEEDINGS

VOLUME IV

------------------------------------------------------------

DATE:              February 27, 2015

TIME:              9:00 A.M.

BEFORE:            HONORABLE WILLIAM J. HAYNES, JR.

                 And a Jury

------------------------------------------------------------



COURT REPORTER:    PEGGY G. TURNER
                   OFFICIAL COURT REPORTER
                   801 BROADWAY, ROOM A-837
                   NASHVILLE, TENNESSEE 37203
                   PHONE:  (615)726-4893
                   Peggy_Turner@tnmd.uscourts.gov

```
1                    A P P E A R A N C E S:

2    For the Plaintiff:   Carrie Daughtrey
                          Lynne Ingram
3                          Assistant U.S. Attorneys
                          Nashville, TN
4
     For the Defendant:   Jennifer Thompson
5                          Attorney at Law
                          Nashville, TN
6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25
```

P R O C E E D I N G S:

THE COURT:  You may be seated.  Before we get started this morning, I wanted to inform you that you should have all by now received a copy of a change that I made on Page 4 of the earlier draft.  It is the third line from the bottom of the second paragraph.  And I added:

Except for my rulings and my instructions to you on the law.

The earlier version said:

Except for my instructions to you on the law.

That could be -- I'm concerned that could be construed to say, just disregard everything I've said thus far, just listen to the instructions.  And I think that would -- that's not appropriate.  I think that they are bound by the Court's rulings on the evidence.  So that's why that was added.

Any further argument or submissions on the jury instructions?

MS. DAUGHTREY:  Yes, Your Honor.  The government did a little bit of research last night about the "and/or" issue. There is a case from the United States Supreme Court, Turner v. United States, that is a 1970 case.  It's 396 U.S. 398.  And in that Supreme Court case, it says:  The general rule is that when a jury returns a guilty verdict on an indictment charging several acts in the conjunctive, the verdict stands if the evidence is sufficient with respect to any one of the acts

1    charged.

2         The Sixth Circuit has repeatedly ruled on that.  And in

3    particular, in a case, United States --

4         THE COURT:  That -- that -- I'm sorry, go ahead.

5         MS. DAUGHTREY:  -- v. Murph, it states that the

6    defendant --

7         THE COURT:  Would you give me the Sixth Circuit cite,

8    please?

9         MS. DAUGHTREY:  I'm sorry.  That is 707 F2d 895.  And

10   they -- the Sixth Circuit states it's settle law that an offense

11   may be charged conjunctively in the indictment or a statute

12   denounces the offense disjunctively, which is the case in this

13   statute.  And then, upon the trial, the government may prove and

14   the trial judge may instruct in the disjunctive form used in the

15   statute.

16        So the government -- my understanding of what that's

17   all about is that we generally present several theories to -- or

18   can present several theories of our case to the grand jury, and

19   they have to find probable cause for all, which is why you have

20   the "and" in there.  In proving it to the jury, we can choose

21   the theory of the case that we wish.  And that is why the

22   Supreme Court and the appellate courts allow the government to

23   ask -- request and get an instruction that requires the jurors

24   to find only one of the --

25        THE COURT:  Did any of the cases that you cited

1    involved indictment that was he essentially amended to add the

2    "or"? If you convict of one crime, then I think if you

3    challenge the issue on appeal, if it covers any conviction, they

4    will affirm it. But I think the issue here is whether you can

5    change the indictment to read from "and" to "or". Do any of the

6    cases you cited involve changing the indictment from "and" --

7    changing the -- that essentially changes the indictment from

8    "and" to "and/or"?

9         MS. DAUGHTREY: It's not changing the indictment, Your

10   Honor. The grand jury found that all of these theories existed.

11        THE COURT: Well, isn't intent a separate offense?

12        MS. DAUGHTREY: It typically is, but there is also

13   another case -- I could not find any cases that were directly --

14   that had this statute charge. What I did find was a case --

15   it's a 2013 case from the Sixth Circuit. It's U.S. V. Jones,

16   533 Fed App. 562. And in that case, --

17        Actually, that's not the case I'm thinking of. There

18   is a case that I found in which the defendant was charged with

19   production and attempted production of child pornography. It's

20   a slightly different statute. Well, obviously, it's a different

21   statute. But in that statute, it charges the same way this one

22   does. It charges in Section A that it's unlawful to produce

23   child pornography. And then in another subsection below that,

24   it charges that the actual crime or an intent to do the crime is

25   unlawful. And in that case that I found, --

1    THE COURT:  Do you want to give me a cite?

2    MS. DAUGHTREY:  Yes, Your Honor.  I'm sorry.  I believe

3    that that's U.S. V. Boyle, B-o-y-l-e.  The cite is 700 F.3d

4    1138.  It's a 2012 case.

5    THE COURT:  Sixth Circuit?

6    MS. DAUGHTREY:  It is an Eighth Circuit case, Your

7    Honor.  And I have copies of these cases for Your Honor, if you

8    would like them.

9    THE COURT:  No, we can get to it.

10   MS. DAUGHTREY:  So the other case that I was citing

11   earlier applies to a drug offense, the United States v. Jones,

12   533 Fed App. 562.  And in that, that is a Sixth Circuit case

13   from 2013.  And in that, the Court is citing another Sixth

14   Circuit case, United States v. Hathaway.  And that says, an

15   indictment count that alleges in the conjunctive a number of

16   means of committing a crime can support a conviction if any of

17   the alleged means are proved.

18   THE COURT:  Yes, but was -- I mean, as a general

19   principle, I think that's true.  The question here is whether

20   any of those involve where the indictment charged "and", and

21   then it was changed to "or".  That's the question.

22   MS. DAUGHTREY:  And all of those indictments, all of

23   those crimes were charged in the conjunctive.  And they were --

24   THE COURT:  Yes, but the indictment doesn't allege

25   attempt.

1    MS. DAUGHTREY:  Yes, it does in one of these, in the

2  Eighth Circuit case that has a similar case -- or a similar

3  statute to this.  It was charged in the conjunctive, and then

4  the jury was able to make a determination of whether or not he

5  actually committed the production crime or attempted the

6  production crime.

7    THE COURT:  The indictment in this case is not in the

8  disjunctive, is it?

9    MS. DAUGHTREY:  No, Your Honor.  All of these other

10  ones were also in the conjunctive, just like this indictment.

11  And I think the case law is pretty clear that the government is

12  allowed to choose which theory it presents to the jury.

13    THE COURT:  But the purpose of the indictment is to

14  inform the defendant of the charge he is facing.

15    MS. DAUGHTREY:  That is correct.

16    THE COURT:  And if the attempt offense is a separate

17  offense, then I have concerns about him being informed that

18  that's a charge.

19    MS. DAUGHTREY:  Your Honor, he was informed because the

20  indictment says knowingly received and attempted to receive.  If

21  the government had presented it as "or", then we wouldn't know

22  if the grand jury had decided whether or not there was probable

23  cause to find both.

24    THE COURT:  That's a drafting issue, isn't it?

25    MS. DAUGHTREY:  It's an evidentiary issue, Your Honor.

1    And in all of these cases, the indictment looks exactly like

2    ours does.  It charges multiple different crimes using "and",

3    and then in all of those cases -- you know, even the Supreme

4    Court has said, the government is allowed to prove only one of

5    its theories of the case, and that is a permissible thing to do.

6              THE COURT:  Anything else?

7              MS. DAUGHTREY:  Yes, Your Honor.  One other thing that

8    I discovered in reviewing the jury instructions.  And that is,

9    on Count Two, it states that:  The defendant knowingly possessed

10   a computer that contained images and videos --

11             THE COURT:  Would you please provide the page number to

12   which you are referring?

13             MS. DAUGHTREY:  Yes, Page 17, which is the indictment.

14   And then Count Two.  It says:  Knowingly possessed a computer

15   that contained images and videos of child pornography.

16             And that is not reflected on Page 22 of the jury

17   instructions.  And I believe it needs to be changed, both the

18   first and third element, to include an image or video.

19             THE COURT:  Any objection?

20             MS. THOMPSON:  Yes, Your Honor.

21             THE COURT:  What we would be doing is to add on Page

22   22, under the first element, an image or video of child

23   pornography.  Any objection to that?

24             MS. THOMPSON:  Yes, Your Honor.  We're opposed to

25   altering.

1          THE COURT:  That's what the indictment charges.  I

2     don't see any variance.

3          MS. THOMPSON:  I recognize that.

4          THE COURT:  Overruled.  Anything else?

5          MS. DAUGHTREY:  Not from the government, Your Honor.

6          MS. THOMPSON:  Yes, Your Honor.  From the defense.

7          Yes, Your Honor.  I have a -- I did further research

8     yesterday, and I was incorrect when I had asked that the

9     affirmative defense be put into the theory of the defense

10    instruction in this matter.  That instead, I did find a Seventh

11    Circuit jury instruction on the affirmative defense.  The

12    affirmative defense is included in 18 U.S.C. 2252(d) is where

13    the affirmative defense is actually listed in the statute.

14         So I am requesting that at the end of the instruction

15    on possession of child pornography, which is Count Two, that we

16    insert this instruction right here.

17         So at the bottom of Page 21, it would say:  If you are

18    convinced that the government --

19         THE COURT:  Do you have the language that you want --

20    that you want to --

21         MS. THOMPSON:  Pardon?

22         THE COURT:  Do you have the language that you want the

23    Court to use?

24         MS. THOMPSON:  Yes, Your Honor.

25         THE COURT:  If you will pass it up.

1    MS. THOMPSON:  Well, I had passed a copy.

2    THE COURT:  I'm not sure.  I want to make sure I'm

3    looking at the same thing that you want to submit.

4    MS. THOMPSON:  Okay.  I will pass this up, then.

5    THE COURT:  Okay.  Has the government seen this

6    proposed instruction?

7    MS. DAUGHTREY:  Yes, Your Honor.

8    THE COURT:  Any objection by the government?

9    MS. DAUGHTREY:  No, Your Honor.  Well, I don't think

10   the committee comment would go into the charge, but I -- I don't

11   have an objection to the actual charge itself.

12   THE COURT:  Where do you want this charge?

13   MS. THOMPSON:  At the bottom of Page 21, before the

14   last paragraph.

15   THE COURT:  Any objection to the placement of this

16   instruction?

17   (Respite.)

18   THE COURT:  Any objection by the government to the

19   placement of the instruction before the bottom paragraph on Page

20   21?

21   MS. DAUGHTREY:  Yes, Your Honor.  I think that this is

22   an affirmative defense to possession.  So I think it needs to go

23   after the possession -- the elements regarding possession.  And

24   that's on Page 22.

25   MS. THOMPSON:  I apologize, Your Honor.

1    THE COURT:  All right.  Insert before the last

2  paragraph on 22?

3    MS. THOMPSON:  Yes.

4    THE COURT:  All right.

5    MS. DAUGHTREY:  Your Honor, I would also ask that the

6  first sentence of the committee comment be included in that as

7  well.

8    THE COURT:  Any objection to that?

9    MS. THOMPSON:  Well, I think that is confusing, Your

10 Honor.  It says right here in the line that, next you -- if the

11 defendant proves that it is more likely than not that --

12    And so I think it carries the burden of proof right

13 there that, yes, the defendant must prove this more likely than

14 not.  In the instruction, not the committee comment.

15    THE COURT:  Well, I think the instruction is preferable

16 because it defines precisely what the burden is more likely than

17 not.  So we'll go with just the text of the proposed

18 instruction.  Anything else from the defense?

19    MS. THOMPSON:  Yes, Your Honor.  So then the paragraph

20 -- the last line -- the first line of the last paragraph, Your

21 Honor, would then say -- it would be struck.  Or that it should

22 be added that:  If you are convinced that the government has

23 proved all of these elements, and you do not find that the

24 defendant proves it is more -- you do not find that the

25 defendant has proved more likely than not an affirmative

1    defense, then say so by returning a guilty verdict on this

2    charge.

3         THE COURT:  Well, I'm going to add after the word

4    "elements" -- well, let me read it in its entirety.

5         If you are convinced the government has proved all of

6    these elements, and that the defendant has not met his burden of

7    proof on his affirmative defense, say so by returning a verdict

8    of guilty.

9         MS. THOMPSON:  Yes.

10        THE COURT:  Any objection by the government?

11        MS. DAUGHTREY:  No, Your Honor.  I am noticing in the

12   submitted new jury instruction that we have again the problem of

13   having only images.

14        THE COURT:  Well, where is it?  I guess it would be

15   also in the third element, image of child pornography.  That

16   covers image or video of child pornography.

17        MS. DAUGHTREY:  Right.

18        THE COURT:  We'll do a word search for "image" and add

19   "or video".

20        Any other matters from the defendant?

21        MS. THOMPSON:  No, Your Honor.

22        THE COURT:  All right.  Well, the only case that we

23   found on point was out of the Tenth Circuit that allows the

24   "and/or".  And inasmuch as the indictment expressly alleges

25   attempt, I will add the instruction from the Tenth Circuit on

1   the "and/or".

2        Any other matters, either side?  We'll be in recess for

3   a few minutes.

4        Is there any other -- does the defense have any theory

5   of the case it wanted to present?

6        MS. THOMPSON:  No, Your Honor.

7        THE COURT:  Well, we'll just delete that page

8   altogether, then.

9        MS. THOMPSON:  Yes, Your Honor.

10       THE COURT:  We'll be in recess for a few minutes.

11       (Recess.)

12       THE COURT:  I omitted to add that:  If you include the

13  attempt as a separate offense, that offense also requires proof

14  that the defendant took some substantial step with regard to his

15  attempt.  And that additional instruction will be added.

16       (Recess.)

17       THE COURT:  You may be seated.  Any need for further

18  review of the instructions before we bring the jury in?

19       MS. DAUGHTREY:  If I could have just a moment, Your

20  Honor.  Did you add a separate instruction about "and/or"?

21       THE COURT:  I just added -- I didn't add an instruction

22  on "and/or", I just added the change to "and/or".

23       MS. DAUGHTREY:  Thank you, Your Honor.  I just wanted

24  to verify that.  I'm ready to proceed.  Thank you.

25       THE COURT:  Any other matters?

1        If you will bring the jury in, Mr. Marshal.

2        We're going to get the jury in.  After the charge, I

3 will give you the citation to the Tenth Circuit case and the

4 other citation for the substantial steps for the attempt.

5        (Jury in.)

6        THE COURT:  You may be seated.  Good morning, ladies

7 and gentlemen.  Again, I apologize for the delay in getting

8 started, but there were certain matters the Court needed to

9 discuss with counsel.

10        We are now going to hear closing arguments.  Closing

11 arguments are a summary of what each party believes the proof

12 has shown and why you should find in their favor.  You will hear

13 first from the government and then from the defendant.  And

14 because the government has the burden of proof, the government

15 will have a final opportunity to address you.  After closing

16 arguments, the Court will then instruct you on the law to govern

17 your deliberations.

18        For the government?

19        (Conclusion of requested portion of transcript.)

20             * * * * *

21

22

23

24

25

1        REPORTER'S CERTIFICATE

2

3           I, Peggy G. Turner, Official Court Reporter for

4    the United States District Court for the Middle

5    District of Tennessee, with offices at Nashville, do

6    hereby certify:

7           That I reported on the Stenograph machine the

8    proceedings held in open court on February 27, 2015, in the

9    matter of USA v. JEREMY SETH TUMMINS, Case No. 3:10-00009; that

10   said proceedings in connection with the hearing were reduced to

11   typewritten form by me; and that the foregoing transcript, Pages

12   1 through 14, is a true and accurate record of said proceedings.

13           This the 9th day of April, 2015.

14

15

16

17                          *Peggy G. Turner*
                            S/Peggy G. Turner, RPR
18                          Official Court Reporter

19

20

21

22

23

24

25